E-FILED
Monday, 23 March, 2026  04:36:03 PM
Clerk, U.S. District Court, ILCD

### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

|  |  |  |
|---|---|---|
| INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB, Appellant, | ) ) ) | |
| | ) | Case Nos. 25-cv-3052 |
| v. | ) ) | 25-cv-3053 25-cv-3054 |
| | ) | 25-cv-2055 |
| TAMMY D. COOK, DEAN R. KOHN, FRANK F. LUNN, IV, and FRANCIS S. RATHBUN. Appellees. | ) ) ) ) ) | |

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court on appeal are four consolidated cases from the United States Bankruptcy Court for the Central District of Illinois.[1] In each case, Interinsurance Exchange of the Automobile Club ("Interinsurance Exchange" or the "Creditor") appeals the Bankruptcy Court's order denying its Motion for Relief from the Automatic Stay. (R. 2559).[2] *See* 11 U.S.C. § 362(a). Interinsurance Exchange also appeals the Bankruptcy Court's order partially denying its Motion for Stay of Adversary Cases Pending Appeal and denying its Motion for Permissive Abstention as moot. (R. 2679–80). For the reasons that follow, this Court affirms.

---

[1] Each captioned case is a lead case. Each lead case is consolidated with two member cases as follows: 25-cv-2055 is consolidated with 25-cv-2153 and 25-cv-2154; 25-cv-3052 is consolidated with 25-cv-3149 and 25-cv-3152; 25-cv-3053 is consolidated with 25-cv-3154 and 25-cv-3153; and 25-cv-3054 is consolidated with 25-cv-3155 and 25-cv-3156.

[2] Throughout this Opinion, the Court's citations to the record are from the Record on Appeal in Bankruptcy Case Number 23-90136 (District Court Case Number 25-cv-2055). All citations to the parties' briefs are from those filed in Case Number 25-cv-2055.

## I.    BACKGROUND[3]

The Appellees are four individual Illinois debtors (collectively, the "Debtors") who filed for Chapter 7 Bankruptcy in the Central District of Illinois shortly before trial was to commence in California on state law claims[4] against their primary creditor, Interinsurance Exchange. With the California litigation stayed by commencement of the bankruptcies, Interinsurance Exchange petitioned the Bankruptcy Court to lift each stay for "cause" to allow litigation to continue. *See* 11 U.S.C. § 362(a) and (d). The Bankruptcy Court denied the Appellees' requests but granted relief for the two debtor entities. Interinsurance Exchange moved to stay the trial and all discovery in the bankruptcy cases and adversary proceedings and, in the alternative, for permissive abstention.[5] The Bankruptcy Court granted the stay of the adversary trial pending resolution of this appeal, but not as to the parties' discovery obligations.

Interinsurance Exchange appeals the three denials. The Court, however, need not consider the Bankruptcy Court's ruling on Interinsurance Exchange's Motions for Stay Pending Appeal and Permissive Abstention, because the denial of automatic stay relief

---

[3] A more detailed account of the relevant factual background can be found in the Bankruptcy Court's opinion denying stay relief. *See In re Cook et al.*, 2025 Bankr. LEXIS 301 (Bankr. C.D. Ill. Feb. 11, 2025).

[4] Orange County Case No. 30-2017-00948432-CU-FR-CJC.

[5] The Bankruptcy Court explained "it interpreted permissive abstention under [28 U.S.C. § 1334] as a legal mechanism by which it could decline to hear and decide a matter over which it has jurisdiction in deference to another court that also has jurisdiction." (R. 2660). The Court further noted that it understood Interinsurance Exchange's request for permissive abstention "to be that [the Court] simply refrain from hearing the adversary complaints while the appeals are pending. In other words, the motions were just requests for long continuances and did not actually seek to have the Court relinquish jurisdiction on any issue." (*Id.*). Counsel for Interinsurance Exchange agreed with this characterization, but "insisted such relief was properly sought through the request for permissive abstention under § 1334." (*Id.*). *See also* Motion for Permissive Abstention (R. 2648) (requesting bankruptcy court abstain from "moving forward" in the adversary case "during the pendency of the appeal").

will be resolved here on its merits. *See In re A&F Enters., Inc. II*, 742 F.3d 763, 766 (7th Cir. 2014). As to the Order Denying Relief from the Stay, Interinsurance Exchange contends the Bankruptcy Court erred when it determined that dischargeability proceedings should occur prior to any jury trial on the existence of debts and that its Seventh Amendment right to a jury trial is vitiated by the Bankruptcy Court's order maintaining the stay.

## II.    DISCUSSION

### A. Standard of Review

On appeal from a bankruptcy court, a district court reviews questions of law *de novo* and factual findings for clear error. *Kovacs v. United States*, 739 F.3d 1020, 1023 (7th Cir. 2014). A bankruptcy court's application of the facts to the correct legal standard "will be disturbed only if [its application] is clearly erroneous." *In re Berman*, 629 F.3d 761, 766 (7th Cir. 2011) (citation omitted).

### B. The Bankruptcy Court Did Not Intrude on Interinsurance Exchange's Right to a Jury Trial

When a debtor files a petition for bankruptcy, an assortment of creditor actions against the debtor, the debtor's property, and the property of the bankruptcy estate, are automatically stayed, generally until the bankruptcy case is closed, dismissed, or the debtor is discharged. 11 U.S.C. § 362(a), (c); *In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991). This includes any ongoing prepetition litigation against the debtor. 11 U.S.C. § 362(a)(1). However, as relevant here, the bankruptcy court must lift the stay based on a showing of "cause." *Id.* § 362(d)(1). The Bankruptcy Code does not define "cause." *Fernstrom*, 938 F.2d at 735. Instead, bankruptcy courts in this Circuit have

discretion, after consideration of certain necessary factors, to grant or deny stay relief. *Fernstrom*, 938 F.2d at 735 (citation omitted) (factors); *In re Udell*, 18 F.3d 403, 410 (7th Cir. 1994) (affirming factors); *see also Colon v. Option One Mortg. Corp.*, 319 F.3d 912, 916 (7th Cir. 2003) ("The bankruptcy court's grant of relief from the automatic stay is reviewed for an abuse of discretion.").

In declining to lift the automatic stay, the Bankruptcy Court held that it should decide the equitable issue of dischargeability before empaneling a jury in another jurisdiction to decide the legal issue of whether any alleged debts exist and the amounts thereof. Interinsurance Exchange contends this was legal error. The Creditor argues the Bankruptcy Court erred by not permitting the jury trial in the California litigation to go forward and allow the Creditor to use the jury's findings as collateral estoppel in the Bankruptcy Court on the issue of dischargeability. Interinsurance Exchange claims that, by declining to lift the stay, the Bankruptcy Court denied the Creditor its Seventh Amendment right to a jury trial on its state law claims.

In weighing the necessary factors and other considerations, the Bankruptcy Court concluded in part:

> [T]he exclusive and full jurisdiction of this Court to hear the entirety of the dispute between the parties compels a finding in favor of the Debtors on the first two *Fernstrom* factors. There would be great prejudice to the Debtors in granting stay relief as they would be compelled to try a complex multicount case in California notwithstanding the fact that some or all of the obligations sought to be enforced in that case have been discharged. And that hardship most certainly outweighs any hardship to Interinsurance Exchange. It can get a full and fair hearing here or, if it prefers, it can withdraw its request for a money judgment from its complaints to determine dischargeability and reserve the damages issues for trial later

and elsewhere if it prevails on the dischargeability issues. The choice of trying damages separately from liability is up to Interinsurance Exchange. But it cannot establish cause for stay relief by making the affirmative choice to try its case in two different forums and then claiming that it is being disadvantaged and prejudiced by its own choice.

(R. 2543). *See Fernstrom*, 938 F.2d at 735. The Bankruptcy Court further explained it was "the only court that can fully resolve all issues between the parties," citing *In re Prate*, 634 B.R. 72, 76 (Bankr. N.D. Ill. 2021), because "if Interinsurance Exchange prevailed on any cause of action [in California], the case would have to return here for a determination of the dischargeability of the judgment obtained. Keeping the case here, by contrast, could result in a full resolution because [the Bankruptcy] Court can determine the existence *and* dischargeability of the alleged debts." (R. 2542) (emphasis added). Likewise, the court in *Prate* reasoned, "The most efficient and least burdensome route for both sides is to have the bankruptcy court dispose of their dispute," as "[l]ifting the stay so the parties can litigate in the state court, in contrast, will still require a return trip to the bankruptcy court to determine dischargeability even if [the creditors] prevail." 634 B.R. at *76.

### 1. Waiver

As a preliminary matter, the Debtors contend Interinsurance Exchange "did not raise the argument at the Stay Relief Hearing that any legal precedent mandates the determination of a debt by the State Court in the California litigation before trying the dischargeability actions in the Bankruptcy Court" and, as a result, have waived such arguments on appeal. (Appellees' Br. 14–15). However, the Debtors' contention is incorrect as Interinsurance Exchange argued in its trial brief and during the Stay Relief

Hearing that it had the right to have a jury establish the existence of a debt before dischargeability. (Appellant's Br. A2404–A2407 (hearing)) (R. 2498–99 (trial brief)).

### 2. The Bankruptcy Court Did Not Err in Concluding the Dischargeability Proceeding Should Occur Prior to the Jury Trial in the California Litigation

Interinsurance Exchange does not rely on any controlling authority to support its argument that the Bankruptcy Court committed reversible error when it determined the dischargeability proceeding in this case should occur prior to the trial in the California litigation. Interinsurance Exchange acknowledged the same in its reply brief: "[T]he Seventh Circuit Court of Appeals has not expressly held that a bankruptcy court must first look to whether a valid debt exists under state law before determining dischargeability[.]" (Appellant's Reply Br. 4).

Instead, Interinsurance Exchange relies on what it deems "consistent, prevailing, nationwide persuasive caselaw" apparently exhibited best by an opinion from a district court in North Carolina. (Appellant's Reply Br. 4 (quotation); Appellant's Br. 15–18). Interinsurance Exchange describes *Sanders v. First Recovery, LLC*, No. 5:23-CV-553, 2024 U.S. Dist. LEXIS 139670 (E.D.N.C. Aug. 5, 2024), as one "case closely on point." (Appellant's Br. 15). However, *Sanders* does not concern a dispute over the automatic stay and is factually distinguishable. The North Carolina court merely remanded the case back to the Bankruptcy Court below with instructions to determine the existence of a debt. *Sanders*, 2024 U.S. Dist. LEXIS 139670 at *19. Here, Interinsurance Exchange seeks to lift the stay on the California litigation for "cause" so that it may empanel a jury *there* to make

a determination on debts before coming back to the Bankruptcy Court *here* for discharageability.

Notably, *Sanders* does not stand for the proposition that the Bankruptcy Court's decision to deny stay relief could simply be reversed on that sequential basis,[6] thereby disregarding the necessary factors and a host of other considerations the Bankruptcy Court relied on in making its "for cause" determination. *See Fernstrom*, 938 F.2d at 735 (outlining necessary factors); *Udell*, 18 F.3d at 410 (affirming *Fernstrom* factors); *In re Grogg*, 295 B.R. 297, 305 n.6 (Bankr. C.D. Ill. June 4, 2003) (outlining other considerations).

In determining whether "cause" exists to lift the automatic stay, *Fernstrom* requires a bankruptcy court to consider 1) "the prejudice to the debtor or the bankruptcy estate from allowing the non-bankruptcy litigation to continue;" 2) "the relative hardship to the debtor and to the party seeking relief;" and 3) "the creditor's probability of prevailing on the merits in the litigation, before it could lift the automatic stay." *Udell*, 18 F.3d at 410 (citing *Fernstrom*, 938 F.2d at 735). *Grogg* identified twelve other additional non-exhaustive considerations bankruptcy courts might apply in any particular case to determine whether cause exists, such as "whether relief would result in a partial or complete resolution of the issues." 295 B.R. at 305 n.6. Here, the Bankruptcy Court

---

[6] Interinsurance Exchange cites dicta from *In re Maurice*, stating that while there is no jury trial right "on the issue of dischargeability," there is a jury trial right as to "factual issues subsidiary to the question of dischargeability," being "the existence and amount of the underlying debt." 21 F.3d 767, 773 (7th Cir. 1994) (citing dicta from *In re Swope*, 466 F.2d 936, 938 (7th Cir. 1972)). The Creditor's reliance on those cases is inapt as both *Maurice* and *Swope* concerned only dischargeability, *see Swope*, 466 F.2d at 938 ("we resolve only" the determination that a dischargeability proceeding does not require a jury), and the Seventh Circuit in neither case was tasked with reviewing a bankruptcy court's denial of stay relief.

concluded, "All of the *Fernstrom* factors and several of the *Grogg* factors — such as judicial economy and the relationship of the matter to the bankruptcy case — weigh strongly in favor of denying the motions. None of the factors support granting the motions." (R. 2546). Moreover, Interinsurance Exchange expressly disclaimed any argument on appeal regarding the court's consideration of the instant facts to relevant factors in denying stay relief. (Appellant's Reply Br. 2).

Moreover, the Bankruptcy Court correctly noted there are cases within this Circuit where courts "ultimately heard and decided the dischargeability of the alleged debts without liquidating the claims and entering money judgment, leaving those issues to be decided later in other forums." (R. 2671–72). *See, e.g., In re Swain*, No. 22 B 13283, 2025 Bankr. LEXIS 77, at *27–28 (Bankr. N.D. Ill. Jan. 17, 2025) (citing cases); *In re Moore*, 625 B.R. 896, 899–900, 905–06 (Bankr. N.D. Ill. 2021); *In re Che*, No. 11 B 700, 2013 Bankr. LEXIS 2001, at *20–22 (Bankr. N.D. Ill. May 15, 2013). Considering the posture of this case, Interinsurance Exchange effectively advocates for a rule that any time prepetition litigation is stayed by bankruptcy, there exists "cause" — without regard for *Fernstrom* or *Grogg*, or the bankruptcy court's inherent discretion in deciding stay relief — for a creditor to be relieved from the stay to continue the litigation. No authority cited by Interinsurance Exchange supports such a rule, whether within this Circuit or elsewhere.

On the chronology argument, Interinsurance Exchange next relies on *Beacon Theatres Inc. v. Westover*, 359 U.S. 500 (1959), and *Dairy Queen Inc. v. Wood*, 369 U.S. 469 (1962), for the proposition that any legal claims (the existence of debts) must be tried prior

to any equitable claims (their dischargeability), for which there is no right to a jury. *In re Hallahan*, 936 F.2d 1496, 1505 (7th Cir. 1991). But the Supreme Court later confirmed it "enunciated no more than a general prudential rule" in those cases. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 334 (1979); *see also New West, L.P. v. City of Joliet*, 891 F.3d 271, 273 (7th Cir. 2018) ("*Dairy Queen* and *Beacon Theatres* are not constitutional decisions."). In *Katchen v. Landy*, 382 U.S. 323 (1966), for example, "the Court held that a bankruptcy court, sitting as a statutory court of equity, is empowered to adjudicate equitable claims prior to legal claims, even though the factual issues decided in the equity action would have been triable by a jury under the Seventh Amendment if the legal claims had been adjudicated first." *Parklane*, 439 U.S. at 335 (citing *Katchen*, 382 U.S. at 339). *Katchen* explained that the general prudential rule should be followed only to the extent consistent with congressional intent and the statutory scheme. 382 U.S. at 339–40. Interinsurance Exchange's reliance on *Beacon Theatres* and *Dairy Queen* is misplaced as the Bankruptcy Court, applying *Katchen*, was not required to follow the non-constitutional prudential rule enunciated in those cases.

### 3. The Bankruptcy Court Did Not Deny Interinsurance Exchange a Jury Trial on its State Law Claims

Interinsurance Exchange next contends reversible error exists because "the Bankruptcy Court failed to recognize the right to a jury trial in the Bankruptcy Court on the state law claims." (Appellant's Br. 19) (cleaned up). The Bankruptcy Court never ruled that Interinsurance Exchange could not have a jury trial on its state law claims, but the court merely made the unexceptional pronouncement that it is "the only court that can

fully resolve all issues between the parties" because it has exclusive jurisdiction over the dischargeability issues. (R. 2542). *See, e.g., Prate,* 634 B.R. at *75–77 (citing *In re Collazo,* 817 F.3d 1047, 1053 (7th Cir. 2016); *Hallahan,* 936 F.2d at 1508).

Interinsurance Exchange contends the pronouncement is inconsistent with *Stern v. Marshall,* 564 U.S. 462 (2011), which questioned whether bankruptcy courts may enter final judgments on some state law claims. *See id.* at 499. The Supreme Court, however, has since minimized *Stern*'s impact, *see Executive Benefits. Ins. Agency v. Arkison,* 573 U.S. 25, 36–38 (2014); *Wellness Int'l Network, Ltd. v. Sharif,* 575 U.S. 665, 682 (2015), and several courts in this Circuit have found — consistent with *Stern* — that "a bankruptcy court may adjudicate a claim in the course of deciding whether it is dischargeable in bankruptcy." *Fifth Third Mortg. Co. v. Blouin,* 2015 U.S. Dist. LEXIS 749699, at *9–10 (N.D. Ill. June 9, 2015) (collecting cases); *see, e.g., Adas v. Rutkowski,* 2013 U.S. Dist. LEXIS 1811517, at *31–32 (N.D. Ill. Dec. 30, 2013) (citing *In re Boricich,* 464 B.R. 335, 336 (Bankr. N.D. Ill. 2011)).

Moreover, the Bankruptcy Court repeatedly assured Interinsurance Exchange that only the dischargeability issues must be litigated before the court. The court "made clear that it will bifurcate the proceedings and only try the dischargeability issues if that is what Interinsurance Exchange wants." (R. 2668 (quotation); R. 2543). The choice was ultimately left up to Interinsurance Exchange, although the court was not required to do so. *See Hallahan,* 936 F.2d at 1508 (allowing bankruptcy courts "ruling on the dischargeability of a debt to adjudicate the issues of liability and damages also").

It bears repeating that Interinsurance Exchange appeals from the Bankruptcy Court's denial of stay relief, in which the court only held the circumstances of the prepetition litigation in California relative to the bankruptcies in Illinois did not amount to "cause" for relief. 11 U.S.C. § 362(d). Interinsurance Exchange's complaints about its supposed "denial" of a jury trial, mixed in with its arguments concerning the Bankruptcy Court's authority, are not properly before this Court on appeal.[7] The Creditor has not been denied a jury trial on its state law claims, and the Bankruptcy Court did not challenge its right to have one.[8]

Interinsurance Exchange next argues that the Bankruptcy Court's ruling on stay relief failed to account for the Creditor's "ongoing litigation" in California against the non-debtor defendant Kevin G. May. Interinsurance Exchange speculates May could use the Bankruptcy Court's findings in this case against the Creditor in the California litigation as collateral estoppel, hindering its right to a jury trial on the state law claims. But applications of collateral estoppel do not violate the Seventh Amendment. *New West,*

---

[7] The Bankruptcy Court noted the same: "When pressed at the hearing on the Motions for Stay Pending Appeal, counsel for Interinsurance Exchange was unable to articulate any reason why the issue it now raises would be properly before the District Court or how a decision one way or the other on the limits of this Court's jurisdiction and authority would impact the issues actually on appeal. This Court is only going to hear the dischargeability issues over which it has exclusive jurisdiction; asking the District Court to decide the scope of its authority to hear other issues that it is not going to hear is wasteful and meaningless." (R. 2664).

[8] Interinsurance Exchange additionally relies on two New York cases that considered the Supreme Court's holding in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989), for the proposition that the Creditor is entitled to a jury trial on its state law claims. *See Boudle v. CMI Network, Inc.*, No. 07-CV-2820, 2007 U.S. Dist. LEXIS 82336, at *13–16 (E.D.N.Y. Nov. 6, 2007); *In re Weinstein*, 237 B.R. 567, 574 (Bankr. E.D.N.Y. 1999). Notwithstanding the facts here that stand in direct contrast to those of the petitioners in *Granfinanciera, see id.*, 492 U.S. at 58, the Bankruptcy Court here did not challenge the Creditor's right to a jury trial nor deny it one.

*L.P. v. City of Joliet*, 891 F.3d 271, 273 (7th Cir. 2018) (citing *Parklane*, 439 U.S. at 333–37) ("[W]hen issues arise in separate trials, there is no constitutional problem with using the first trial's outcome to resolve the second, even if the first trial was to a judge."). Furthermore, Interinsurance Exchange's concerns are mere speculation as the Bankruptcy Court explained, "[T]he evidence that is in the record suggests only that the California litigation is and will remain stayed in its entirety until such time that it can be tried against all defendants. Interinsurance Exchange offered no other evidence for the Court to consider on that issue." (R. 2669–70).[9]

In summary, the Bankruptcy Court's holding that it should resolve dischargeability issues before the determination of the existence of a debt, assuming any debts are excepted from the Debtors' discharges, in reliance on the *Fernstrom* and *Grogg* factors, does not constitute reversible legal error. The holding is supported by various cases within this Circuit, *see supra*, and Interinsurance Exchange presented no controlling authority to suggest otherwise. Notably, Interinsurance Exchange expressly withdrew any argument on appeal challenging the court's application of the stay relief factors. Finally, the Bankruptcy Court did not deny the Creditor a jury trial — it determined only that the dischargeability proceeding should come first and the circumstances of the

---

[9] Interinsurance Exchange relies on *In re Parkinson*, 102 B.R. 141 (Bankr. C.D. Ill. 1988), but that case is not persuasive here. The court found "[s]eparating the actions against the debtor and the other defendants might lead to attempts by each defendant to shift the blame to the other and thereby deny plaintiff any relief," and thus lifted the automatic stay, permitting "the plaintiff to proceed[] with a single state court action against the debtor and his co-defendants." *Id.* at 142–43. Here, the Bankruptcy Court aptly distinguished *Parkinson* from other more persuasive cases: "*Parkinson* does not disclose the nature of the cause of action in the state court, the other parties involved, the specific relief sought, or the theory or subsection of § 523(a) that might be at issue in a subsequent dischargeability proceeding," all in all leaving "little discussion of the relevant factors." (R. 2555).

California litigation, relative to the bankruptcies, did not amount to "cause" for stay relief.

## III.    CONCLUSION

For the foregoing reasons, the Bankruptcy Court's February 11, 2025 Order on the Emergency Motion for Relief from Stay to Proceed with Trial in California State Court to Determine Liability and Damages, as to each case, is AFFIRMED. Interinsurance Exchange's appeal from the May 12, 2025 Order on the Motion to Stay Pending Appeal and, in the alternative, for Permissive Abstention, as to each case, is MOOT. The cases are remanded to the Bankruptcy Court for further proceedings. The Clerk is directed to enter this Order in the leading consolidated cases: 25-cv-3052 as to Tammy D. Cook; 25-cv-3053 as to Dean R. Kohn; 25-cv-3054 as to Frank F. Lunn, IV; and 25-cv-2055 as to Francis S. Rathbun.

ENTER: March 23, 2026

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE